April 5, 2010

The Honorable Isidro R. Alaniz
49th Judicial District Attorney
Post Office Box 1343
Laredo, Texas 78042

Opinion No. GA-0766

Re:  Whether a city manager of a general-law municipality may simultaneously serve as a member of the board of trustees of an independent school district whose boundaries contain the municipality (RQ-0828-GA)

Dear Mr. Alaniz:

You request an opinion "regarding whether a city manager of a general law city with a council-city manager form of government may serve on the board of trustees of an independent school district whose district boundaries contain the municipality."[1] You ask specifically about whether the conflicting loyalties aspect of the common-law doctrine of incompatibility prevents service in both positions, and we limit our analysis accordingly.

The common-law doctrine of incompatibility recognizes and prohibits three kinds of conflict that may arise from holding two public offices:  self-appointment, self-employment, and conflicting loyalties. Tex. Att'y Gen. Op. No. GA-0307 (2005) at 3. Self-appointment incompatibility prevents one person from holding two offices, one of which is appointed by the other. *See Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928) ("[A]ll officers who have the appointing power are disqualified for appointment to the offices to which they may appoint."). Self-employment incompatibility similarly prevents one person from holding an office and an employment that the office supervises. Tex. Att'y Gen. Op. No. GA-0199 (2004) at 2. As you recognize, neither self-appointment incompatibility nor self-employment incompatibility apply here because the school district board of trustees does not appoint or supervise the city manager, nor does the city manager appoint or supervise the board of trustees. Request Letter at 1–2; *cf.* Tex. Att'y Gen. Op. No. GA-0538 (2007) at 1 (concluding that self-appointment and self-employment incompatibility were not applicable where city manager was serving on the board of a metropolitan transit authority).

Conflicting-loyalties incompatibility "prohibits an individual from simultaneously holding two positions that would prevent him or her from exercising independent and disinterested judgment in either or both positions." Tex. Att'y Gen. Op. No. GA-0169 (2004) at 2. Relevant to your

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

request, conflicting-loyalties incompatibility applies only when an individual holds two positions both constituting an "office." Tex. Att'y Gen. Op. Nos. GA-0273 (2004) at 3 (community college instructor not an officer); GA-0199 (2004) at 2 (city finance director not an officer); GA-0127 (2003) at 3 (umpire at school district baseball games not an officer). The decisive factor distinguishing a public officer from a public employee is "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (citation omitted). Prior opinions from this office have concluded that "a person is not ordinarily an officer if his or her actions are subject to control by a superior body, for in such instance," the person is not exercising authority "largely independent of the control of others." Tex. Att'y Gen. Op. No. GA-0169 (2004) at 3.

A member of the board of trustees of an independent school district is clearly an officer for purposes of incompatibility analysis. *See* Tex. Att'y Gen. Op. No. GA-0328 (2005) at 1 (concluding the position of school board trustee constitutes an office). However, a prior opinion of this office concluded that "in the usual instance, a city manager who serves at the will of a mayor and council does not hold an 'office.'" Tex. Att'y Gen. Op. No. GA-0538 (2007) at 2. While that opinion did not expressly address the position of a city manager in a general-law city, a similar analysis applies here. When general-law municipalities adopt a city manager form of government, "[t]he city manager is appointed by and serves at the will of the governing body of the municipality." TEX. LOC. GOV'T CODE ANN. §§ 25.021, .028 (Vernon 2008).

If a city manager may be "terminated at will by a superior body, he can hardly be said to exercise power 'largely independent of the control of others,' since the superior body is in a position to dictate" the manager's actions. Tex. Att'y Gen. Op. No. JM-1266 (1990) at 2 (concluding that article XVI, section 40 did not bar a city council member from being employed by other districts). Thus, a city manager of a general-law city does not hold an office as required for conflicting-loyalties incompatibility to apply. As a result, conflicting-loyalties incompatibility will not prohibit the city manager of a general-law city from serving on the board of trustees of an independent school district whose boundaries contain the municipality.

## S U M M A R Y

The actions of a city manager in a general-law municipality are subject to control by the city council.  As a result, the city manager will not be considered to hold an office, and conflicting-loyalties incompatibility will not apply to prevent the city manager from also serving on the board of trustees of a school district whose boundaries contain the city manager's municipality.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee